Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
ELLIS, COLEMAN, POIRIER, LAVOIE,
 & STEINHEIMER, LLP
555 University Avenue, Suite 200 East
Sacramento, CA  95825
Tel: (916) 283-8820
Fax: (916) 283-8821

Attorneys for Defendants HERENDEEN & BRYAN; AND CREDIT CONSULTING SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DISTRICT

| | |
|---|---|
| SANDRA BAXTER,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT CONSULTING SERVICES, INC., a corporation; HERENDEEN & BRYAN, a professional corporation; and DOES 1 through 10 inclusive, | Case No.: C 08 02532 RS<br><br>**DEFENDANT CREDIT CONSULTING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant CREDIT CONSULTING SERVICES, INC., a corporation, hereby responds to plaintiff's Complaint as follows:

1.   As to Paragraph 1, Defendant denies these allegations.

2.   As to Paragraph 2, Defendant does not contest this Court's jurisdiction or venue. Defendant denies that declaratory relief is available in this action.

3.   As to Paragraph 3, Defendant admits this allegation.

4.   As to Paragraph 4, Defendant admits this allegation.

5.   As to Paragraph 5, Defendant objects to the term regularly as vague and ambiguous and on this basis denies these allegations.

6.   As to Paragraph 6, Defendant denies these allegations.

-1-

7.  As to Paragraph 7, Defendant denies these allegations.

8.  As to Paragraph 8, Defendant admits this allegation.

9.  As to Paragraph 9, Defendant admits this allegation.

10. As to Paragraph 10, Defendant denies this allegation.

11. As to Paragraph 11, Defendant denies this allegation.

12. As to Paragraph 12, this paragraph does not contain matters that require a response.

13. As to Paragraph 13, Defendant admits this allegation.

14. As to Paragraph 14, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

15. As to Paragraph 15, Defendant lacks information or belief as to the relationship between Baxter and D'Auteuil. Defendant is informed and believes that Ms. Baxter agreed to accept responsibility for the debts in question and therefore denies these allegations.

16. As to Paragraph 16, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

17. As to Paragraph 17, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

18. As to Paragraph 18, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

19. As to Paragraph 19, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

20. As to Paragraph 20, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

21. As to Paragraph 21, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

22. As to Paragraph 22, Defendant lacks information or belief with which to admit or deny these allegations and on that basis denies these allegations.

23. As to Paragraph 23, Defendant admits this allegation.

24. As to Paragraph 24, Defendant denies this allegation.

25. As to Paragraph 25, Defendant denies this allegation.

26. As to Paragraph 26, Defendant denies this allegation.

27. As to Paragraph 27,.Defendant denies this allegation.

28. As to Paragraph 28, Defendant incorporates its responses to paragraphs 1-27 as if set forth in full herein

29. As to Paragraph 29, Defendant denies these allegations.

30. As to Paragraph 30, Defendant denies these allegations.

31. As to Paragraph 31, Defendant incorporates its responses to paragraphs 1-31 as if set forth in full herein

32. As to Paragraph 32, Defendant denies these allegations.

33. As to Paragraph 33, Defendant denies these allegations.

34. As to Paragraph 34, Defendant denies these allegations.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendant sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

35. Defendant alleges that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

36. Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

37. Defendant alleges that Plaintiff himself was negligent, careless, and/or committed intentional acts, in and about the matters alleged in the Complaint, and said negligence, carelessness and/or intentional acts caused and/or contributed to her injuries and/or damages.

### FOURTH AFFIRMATIVE DEFENSE

38. Defendant alleges that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint.

DEFENDANT CREDIT CONSULTING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
DEMAND FOR JURY TRIAL

### FIFTH AFFIRMATIVE DEFENSE

39. Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect herself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

40. Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

### SEVENTH AFFIRMATIVE DEFENSE

41. Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

### EIGHTH AFFIRMATIVE DEFENSE

42. Defendant alleges that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiff is also estopped from maintaining this action.

### NINTH AFFIRMATIVE DEFENSE

43. Defendant alleges that Defendant's conduct was privileged pursuant to **Civil Code Section 47** and/or common law privileges under state and federal law, and as a result, the Complaint, and each cause of action thereof, is barred.

### TENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claim is subject to the defense of set-off and defendant is entitled to set-off any recovery by Plaintiff by the amount of any outstanding debts.

### ELEVENTH AFFIRMATIVE DEFENSE

45. Defendant alleges that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

### TWELFTH AFFIRMATIVE DEFENSE

46. Defendant alleges that all of its actions were taken in good faith without intent to injure plaintiff and with a reasonable belief that such actions were lawful.

### THIRTEENTH AFFIRMATIVE DEFENSE

47. Defendant is informed and believes and thereon alleges that it has no civil liability

pursuant to **15 U.S.C. § 1692k(c) and Civil Code 1788.30(e)**, as any violation was unintentional and resulted despite the maintenance of procedures reasonably adopted to avoid any such violation.

### FOURTEENTH AFFIRMATIVE DEFENSE

48. Defendant alleges that any actions taken by it that were raised in Plaintiff's Complaint, and the causes of actions therein, were fair, not unconscionable, and effected by non-deceptive and lawful means.

### FIFTEENTH AFFIRMATIVE DEFENSE

49. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Plaintiff failed to comply with the dispute mechanism set forth by the Fair Debt Collection Practices Act, pursuant to **Bleich v. Revenue Maximization Group, Inc.**, 233 F.Supp.2d 496 (E.D. N.Y. 2002).

### SIXTEENTH AFFIRMATIVE DEFENSE

50. Defendant alleges that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendant's actions were taken in reasonable reliance upon information provided by its clients pursuant to **Ducrest v. Alco Collections, Inc.** (M.D. La. 1999) 931 F.Supp. 459, 462, and **Hulse v. Ocwin** (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### SEVENTEENTH AFFIRMATIVE DEFENSE

51. Defendant alleges that it acted lawfully and intended to take any and all action contemplated, whether expressly allowed by contract or permitted by law, as represented to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

52. This answering defendant hereby alleges the following affirmative defenses, including, but not limited to, those set forth in Federal Rule Of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, failure to join an indispensable party, and abatement.

### NINETEENTH AFFIRMATIVE DEFENSE

53. Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would

be appropriate.

    WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing from this answering Defendant by this Complaint;

2. That Defendant be awarded judgment in this action;

3. For costs of suit incurred herein; and

4. For reasonable attorney's fees pursuant to statute including, but not limited to, 15 U.S.C. § 1692k(a)(3), and Civil Code § 1788.30(e); and

5. For such other and further relief as the Court deems proper.

Dated: August 18, 2008

                                          ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

                                          By  /s/  Andrew M. Steinheimer
                                              Andrew M. Steinheimer
                                              Attorney for Defendants
                                              HERENDEEN & BRYAN; AND CREDIT CONSULTING SERVICES, INC.

DEFENDANT CREDIT CONSULTING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Defendant CREDIT CONSULTING SERVICES, INC. hereby demands a jury trial in this matter.

Dated: August 18, 2008

ELLIS, COLEMAN, POIRIER, LAVOIE, & STEINHEIMER LLP

By  /s/ Andrew M. Steinheimer
Andrew M. Steinheimer
Attorney for Defendants
HERENDEEN & BRYAN AND CREDIT CONSULTING SERVICES, INC.